UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　)<br>　　　　　Plaintiff, 　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　v. 　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>THU VAN NGUYEN, 　　　　　　 )<br>　　　　　　　　　　　　　　　)<br>　　　　　Defendant. 　　　　　　)<br>_____) | CASE NO.　07-35M<br><br>DETENTION ORDER |

Offense charged:

　　　Count I:　　　Conspiracy to Manufacture Marijuana, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846

Date of Detention Hearing: January 29, 2007

　　　The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Lisca Borichewski. The defendant was represented by Peter Avenia.

DETENTION ORDER
PAGE -1-

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the crime of conspiracy to manufacture marijuana, a drug offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons. Under Title 18 § 3142 (g), the Court considered the following:

    (a) The nature and circumstances of the offense charged including a scheme of marijuana grow operations at ten locations, thus involving a drug offense applicable to the presumption.

    (b) The weight of the evidence is strong. The defendant is connected to four of the ten locations. He was arrested at one location where 440 marijuana plants were seized. He owns another residence where 330 plants were seized. He has been surveilled at another location three times, after which 398 plants were seized. Finally, his Washington Driver's license shows his residence at yet another location where 381 plants were seized.

    (c) The history and characteristics of the person show that his ties to this state are only through this alleged criminal activity. His wife and two children live in Texas. He has no legitimate employment here.

    (d) Risk of danger to the community is inherent in these facts.

Based upon the foregoing information which is consistent with the recommendation of detention by U.S. Pre-trial Services, there is no condition or combination of conditions

DETENTION ORDER
PAGE -2-

that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 30th day of January, 2007.

MONICA J. BENTON
United States Magistrate Judge